IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS CARP,<br>ROBERT CARP<br><br>Plaintiffs<br>v.<br><br>UNITED CULTIVATION, LLC<br>BLUE AND YELLOW HOLDINGS, LLC.<br>MICHAEL SPENGLER<br>CAROLYN SPENGLER<br>STEVEN PHANEUF<br>DANIELLE PHANEUF<br>KERSTIN PHANEUF<br>NEIL PHANEUF, JR.<br><br>Defendants | CASE NO.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## SUMMARY OF THE ACTION

1. This is an action by Robert and Douglas Carp, both Massachusetts residents, to recover damages arising from the infringement of their copyrighted work by Defendants United Cultivation, LLC, Blue and Yellow Holdings, LLC, Michael Spengler, Carolyn Spengler, Steven Phaneuf, Danielle Phaneuf, Kerstin Phaneuf and Neil Phaneuf, Jr. The action also asks the court to enjoin the Defendants from future infringement. The Defendants reproduced, distributed and publicly displayed through their applications for three Massachusetts cannabis licenses, (MC283608, MP281666, MR282,633) copywritten material published by the Carps in 2018.

## JURISDICTION AND VENUE

2. The court has original jurisdiction of this action under 17 U.S.C. § 501, et seq., and 28 U.S.C. §§ 1338(a).

3. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendant has committed acts of copyright infringement and has multiple established places of business.

## THE PARTIES

4. Plaintiffs Robert Carp and Douglas Carp are respectively writers and researchers residing and working in Gloucester, Massachusetts and Boston, Massachusetts.

5. Defendant UNITED CULTIVATION, LLC is a limited liability corporation organized under the laws of Massachusetts with its principal place of business at 601-603 Fitchburg State Road, Ashby, MA 01431.

6. Defendant BLUE AND YELLOW HOLDINGS, LLC is a limited liability corporation organized under the laws of Delaware with its principal place of business at 300 Delaware Avenue, Suite 210-A, Wilmington, DE 19801.

7. Defendant Michael Spengler is a manager and stockholder of both UNITED CULTIVATION, LLC and BLUE AND YELLOW HOLDINGS, LLC with a residential address of 51 Duck Pond Drive, Groton, MA 01450.

8. Defendant Carolyn Spengler is a stockholder of both UNITED CULTIVATION, LLC AND BLUE and YELLOW HOLDINGS, LLC with a residential address of 51 Duck Pond Drive, Groton, MA 01450.

9. Defendant Steven Phaneuf is à stockholder of UNITED CULTIVATION, LLC with a residential address of 12 Hawthorne Avenue, North Adams, MA 01247.

10. Defendant Danielle Phaneuf is a stockholder of UNITED CULTIVATION, LLC with a residential address of 60 Amelia Way, Groton, MA 01450.

11. Defendant Neil Phaneuf is a stockholder of UNITED CULTIVATION, LLC with a residential address of 23 State Road, Stow, MA 01775.

12. Defendant Kerstin Phaneuf is a stockholder of UNITED CULTIVATION, LLC with a residential address of 23 State Road, Stow, MA 01775.

## FACTUAL BACKGROUND

13. On January 1, 2018, the plaintiffs commercially released their book, "Standard Operating Procedures for Cannabis Dispensaries" on Amazon and on their website, www.marijuanabusinessoperations.com. The book is 384 pages long, and consists of formatted operating procedures for the retail dispensing of medical and recreational cannabis that will

comply with all state regulations where marijuana is legal. The book was given the international access code ISBN 978-1-51363561-3 previous to its commercial release in 2018.

14. On January 1, 2018, the plaintiffs commercially released their book, "Standard Operating Procedures for Cannabis Processors" on Amazon and on their website, www.marijuanabusinessoperations.com. The book is 382 pages long, and consists of formatted operating procedures for the processing of medical and recreational cannabis that will comply with all state regulations where marijuana is legal. The book was given the international access code ISBN 978-1-51363559-0 previous to its commercial release in 2018.

15. On January 1, 2018, the plaintiffs commercially released their book, "Standard Operating Procedures for Cannabis Cultivators" on Amazon and on their website, www.marijuanabusinessoperations.com. The book is 452 pages long, and consists of formatted operating procedures for the processing of medical and recreational cannabis that will comply with all state regulations where marijuana is legal. The book was given the international access code ISBN 978-1-513635606 previous to its commercial release in 2018.

16. On or about March 3, 2021 the Massachusetts Cannabis Control Commission issued United Cultivation, LLC operating license MR282633 for the retail sale of cannabis at 601-603 Fitchburg State Road, Ashby Massachusetts.

17. The Cannabis Control Commission posted the application and its contents on its website, https://masscannabiscontrol.com/wp-content/uploads/United_Cultivation_LLC_MR282633.pdf.

18. The "Quality Control Plan" section of their application listed the standard operating procedures submitted by the Defendants which included the following separate files which were copied without changes from both the "Standard Operating Procedures for Cannabis Dispensaries" and "Standard Operating Procedures for Cannabis Processors", and submitted to the Cannabis Control Commission as their own work:

SOP FOR QUALITY CONTROL PLAN
SOP FOR TESTS OF FORMULATED PRODUCTS
SOP FOR TESTS OF HARVESTED FLOWER
SOP FOR STABILITY TESTING
SOP FOR TESTING
SOP FOR WATER SUPPLY & TESTING PROTOCOLS
SOP FOR RESTRICTING ACCESS TO AGE 21 OR OLDER

19. All of these files were uploaded on October 19, 2020 as published by the Cannabis Control Commission. The defendants had the right to ask for the standard operating procedures to be redacted, but they were not, and are available on the Cannabis Control Commission's web site as

3

part of the application available to the public. This exposure has caused the demand and sales of the Carp's SOP's to diminish dramatically.

20. All three books, "Standard Operating Procedures for Cannabis Cultivation Facilities", "Standard Operating Procedures for Cannabis Dispensaries" and "Standard Operating Procedures for Cannabis Processors" state on their first page "ALL RIGHTS RESERVED", and "COPYING THIS DOCUMENT IS STRICTLY PROHIBITED AND WILL RESULT IN PROSECUTION TO THE FULLEST EXTENT OF THE LAW."

21. Copyright documentation was provided to the U.S. Copyright Office under service requests 1-11844454091 and 1-2063976601.

22. On or about March 3, 2021 the Massachusetts Cannabis Control Commission issued United Cultivation, LLC operating license MC282106 for the cultivation of cannabis at 601-603 Fitchburg State Road, Ashby Massachusetts.

23. The Cannabis Control Commission posted the application and its contents on its website, https://masscannabiscontrol.com/wp-content/uploads/United_Cultivation_LLC_MC282106.pdf

24. The "Quality Control Plan" section of their application listed the standard operating procedures submitted by the Defendants which included the following separate files which were copied without changes from both the "Standard Operating Procedures for Cannabis Dispensaries" and "Standard Operating Procedures for Cannabis Processors", and submitted to the Cannabis Control Commission as their own work:

SOP FOR QUALITY CONTROL PLAN
SOP FOR TESTS OF FORMULATED PRODUCTS
SOP FOR TESTS OF HARVESTED FLOWER
SOP FOR STABILITY TESTING
SOP FOR TESTING
SOP FOR WATER SUPPLY & TESTING PROTOCOLS
SOP FOR RESTRICTING ACCESS TO AGE 21 OR OLDER

25. Except for minor changes and adding specific sections of Massachusetts' cannabis regulations promulgated under 935 CMR 500 et seq, the SOPs submitted to the Cannabis Control Commission are identical word for word to the "Standard Operating Procedures for Cannabis Dispensaries" and "Standard Operating Procedures for Cannabis Processors".

26. On or about June 26, 2020 the Massachusetts Cannabis Control Commission issued United Cultivation, LLC operating license MP281666 for the product manufacturing of cannabis at 601-603 Fitchburg State Road, Ashby Massachusetts.

27. The Cannabis Control Commission posted the application and its contents on its website,

https://masscannabiscontrol.com/wp-content/uploads/United_Cultivation_LLC_MP281666.pdf.

28. The "Quality Control Plan" section of their application listed the standard operating procedures submitted by the Defendants which included the following separate files which were copied without changes from both the "Standard Operating Procedures for Cannabis Dispensaries" and "Standard Operating Procedures for Cannabis Processors", and submitted to the Cannabis Control Commission as their own work:

SOP FOR QUALITY CONTROL PLAN
SOP FOR TESTS OF FORMULATED PRODUCTS
SOP FOR TESTS OF HARVESTED FLOWER
SOP FOR STABILITY TESTING
SOP FOR TESTING
SOP FOR WATER SUPPLY & TESTING PROTOCOLS
SOP FOR RESTRICTING ACCESS TO AGE 21 OR OLDER

29. Except for minor changes and adding specific sections of Massachusetts' cannabis regulations promulgated under 935 CMR 500 et seq, the SOPs submitted to the Cannabis Control Commission are identical word for word to the "Standard Operating Procedures for Cannabis Dispensaries" and "Standard Operating Procedures for Cannabis Processors".

## COUNT 1 – COPYRIGHT INFRINGEMENT
### (All Defendants)

30. Plaintiffs repeats and realleges the averments contained in paragraphs 1-29 as though fully set forth herein.

31. The above described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

32. As a result of the above described conduct by Defendants, Plaintiffs have been damaged in amount to be proven at trial.

33. The Plaintiffs are entitled to recover from Defendants statutory damages up to $150,000 per copyrighted document/SOP infringed for Defendants willful copyright infringement, attorneys' fees, and the fair market value of profits lost by the Plaintiffs.

## PRAYER FOR RELIEF

34. WHEREFORE, Robert and Douglas Carp respectfully requests that this Court enter judgment for them and against Defendants as follows:

5

1. An adjudication that Defendants have infringed the copyrights of Standard Operating Procedures for Cannabis Cultivation Facilities; Standard Operating Procedures for Cannabis Dispensaries, and Standard Operating Procedures for Cannabis Processors.
2. An award of damages to be paid by Defendants adequate to compensate the Plaintiffs for Defendants' past infringement of the above copywritten documents, loss of sales to due to the publication, loss of fees that would be generated by the Carp's for the commercial preparation of the applications, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;
3. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

    (a) infringing, or contributing to or participating in the infringement by others the copyright of "Standard Operating Procedures for Cannabis Cultivation Facilities" or acting in concert with, aiding and abetting others to infringe said copyright in any way;

    (b) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the "Standard Operating Procedures for Cannabis Cultivation Facilities" to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon;
4. That Defendants be required to account for and pay over Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;
5. An order that Defendants pay an ongoing royalty in an amount to be determined for any continued infringement of the above copywritten material after the date judgment is entered;
6. For an award of costs under 17 U.S.C. §505 or as otherwise provided by law;
7. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;
8. For such other and further relief as the Court deems just and proper.

Dated: December 27, 2022

Respectfully Submitted,

/s/Robert H. Carp

_____

Email: rcarp@post.harvard.edu

Representing (pro se) Douglas and Robert Carp
21 Eastern Point Road
Gloucester, MA 01930
Phone: 213-533-0053