UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS CARP,<br>ROBERT CARP<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED CULTIVATION, LLC<br><br>　　　　Defendant. | Civil Action No. 1:22-cv-12202-DJC |

**DEFENDANT UNITED CULTIVATION, LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT, OR, IN
THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

**I.　　INTRODUCTION**

In their Complaint for Damages and Injunctive Relief for Copyright Infringement ("Complaint"), Plaintiffs allege that they are the authors of certain standard operating procedures for cannabis dispensaries, cannabis processors, and cannabis cultivators. Complaint ¶¶ 13-15. Defendant United Cultivation, LLC is a cannabis dispensary in Ashby, Massachusetts. Plaintiffs allege that certain portions of Plaintiffs' alleged standard operating procedures were copied by Defendant in submissions to the Massachusetts Cannabis Control Commission, which were then published by that commission. Complaint ¶¶ 16-19. Plaintiffs also allege that they have submitted certain copyright documentation to the U.S. Copyright Office. Complaint ¶ 21.

However, Plaintiffs nowhere allege that they have obtained copyright registration. Without any copyright registration, a suit for copyright infringement is barred. Therefore, the Complaint must be dismissed in its entirety.

Furthermore, statutory damages and attorneys' fees are not permitted here, as Plaintiffs have not alleged any copyright registration, and failed to allege that they obtained a copyright registration within three months of publication of the work at issue. Therefore, Plaintiffs' claims for statutory damages and attorneys' fees must be dismissed.

In the alternative, the Court should require Plaintiffs to provide a more definite statement, under Fed. R. Civ. P. 12(e). Specifically, if Plaintiffs have obtained copyright registrations for the works at issue, Plaintiffs should be required to provide identifying information and copyright registration certificates for same.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to plead sufficient facts to state a claim to relief that is "plausible on its face" warrants dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is a Plaintiffs' burden to show its "entitlement to relief" with more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Although a Rule 12(b)(6) motion to dismiss accepts the Complaint's well-pleaded factual allegations as true for purposes of the motion, the Court is not required to accept mere conclusions or "bare assertions … amount[ing] to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal*, 556 U.S. at 681, citing *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "[C]onclusory allegations that merely parrot the relevant legal standard are disregarded, as they are not entitled to the presumption of truth." *Hannon v. Beard*, 979 F. Supp. 2d 136, 139 (D. Mass. 2013).

Fed. R. Civ. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response."  A Rule 12(e) motion is appropriate when "a pleading fails to specify the allegations in a manner that provides sufficient notice" to a defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

### III.     ARGUMENT

#### A.     Plaintiffs Fail to Allege Ownership of Copyright Registrations in the Works at Issue

The single count of the Complaint consists of a claim of copyright infringement. Complaint ¶¶ 30-33.  At no point does the Complaint allege that Plaintiffs own any copyright registrations.  Instead, the Complaint alleges that "Copyright documentation was provided to the U.S. Copyright Office" under service requests.  Complaint ¶ 21.

#### B.     Because Plaintiffs Fail to Allege Ownership of Copyright Registrations, Their Suit Fails a Matter of Law

17 U. S. C. §411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title."  The US Supreme Court recently confirmed that the "registration" required to file a copyright infringement action under this statute is "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application."  *Fourth Estate v. Wall-Street.com, LLC*, 139 S.Ct. 881, 892 (2019).

Therefore, a copyright registration must be obtained prior to filing suit for copyright infringement.  Because Plaintiffs have not alleged a copyright registration, the Complaint does not meet *Twombly's* requirement of containing facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  This suit for copyright infringement suit is therefore improper and must be dismissed.

### C. Because Plaintiffs Fail to Allege Ownership of Any Current Copyright Registrations or Any Copyright Registrations Within Three Months of Publication, Their Claims for Statutory Damages and Attorneys' Fees Fail as a Matter of Law

17 U. S. C. §412 provides that "no award of statutory damages or of attorney's fees, as provided by [17 U. S. C. §§] 504 and 505, shall be made for… any infringement of copyright in an unpublished work commenced before the effective date of its registration; or any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."[1]

In the Complaint, Plaintiffs claim "statutory damages for infringement of each separate copyright as set forth in 17 U. S. C. §504," and attorneys' fees for copyright infringement, the claim to which is based in 17 U.S.C. §505.[2] Complaint ¶ 34(4), 33. However, under 17 U. S. C. §412, the Plaintiffs are barred from statutory damages and attorneys' fees. Here, Plaintiffs allege that they commercially released, or published, the claimed works at issue on January 1, 2018. Complaint ¶¶ 13, 14, 15. Plaintiffs also claim that the alleged infringement had already commenced as of at least the date of the Complaint, on December 27, 2022. Complaint ¶¶ 30-33. Yet, as discussed above, Plaintiffs do not allege that they have obtained copyright registrations at any time.

Because it is far past three months after the first publication of the claimed works at issue, because the Plaintiffs allege that infringement has already begun, and because the Plaintiffs have

---

[1] This statute also provides exceptions to its requirements, only for certain actions under 17 U.S.C. §106A(a), 17. U.S.C. §408(f), and 17 U.S.C. §411(c), none of which apply here.

[2] 17 U.S.C. §505 is titled "Remedies for infringement: Costs and attorney's fees," and provides: "In any civil action under this title [Title 17. Copyrights], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

not alleged registration of the claimed works, Plaintiff cannot meet the requirements of 17 U.S.C. §412. Therefore, Plaintiffs are not, nor can they ever be, entitled to statutory damages and attorneys' fees, both of which are provided for in copyright infringement actions only under 17 U.S.C. §412. Plaintiffs' claims to statutory damages and attorneys' fees should be dismissed. *Amador v. McDonald's Corp.*, 601 F. Supp. 2d 403, 409-10 (D.P.R. 2009) (holding that plaintiff as a matter of law was not entitled to statutory damages and attorney's fees, because "the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work"); *Dickert v. N. Coast Family Health, Inc.*, No. 14–CV–316–JL, 2015 WL 3988676, at *4, *6 (D.N.H. June 10, 2015) (granting defendant's motion to dismiss the claim for statutory damages, because plaintiff failed to "register the website [with the Copyright Office] until well after the alleged infringement began, and therefore, cannot recover statutory damages"); *see also Martin v. Walt Disney Internet Group*, No. 09CV1601-MMA, 2010 WL 2634695, at *4 (S.D. Cal. June 30, 2010) (granting copyright infringement defendants' motion to dismiss plaintiff's requests for statutory damages, enhanced damages, and attorney's fees, under 17 U. S. C. §412).

Because of this, Plaintiffs' claims for statutory damages and attorneys' fees are improper and must be dismissed.

   **D.** **In the Alternative, Plaintiffs Should Be Ordered to Provide a More Definite Statement of Identifying Information and Copyright Registration Certificates for any Relevant Copyright Registrations**

As set forth above, a registered copyright is required in order to file a civil action for copyright infringement. 17 U. S. C. §411(a); *Fourth Estate v. Wall-Street.com, LLC*, 139 S.Ct. 881, 892 (2019).

Here, Plaintiffs allege that "[c]opyright documentation was provided to the U.S. Copyright Office" under certain service requests. Complaint ¶ 21. However, Plaintiffs do not indicate that

5

they have obtained copyright registrations in the alleged works at issue, nor do Plaintiffs provide statements or exhibits demonstrating registration, such as US copyright registration numbers or US copyright registration certificates.  Furthermore, even if there are any unalleged copyright registrations in existence for the alleged works at issue, as Plaintiffs have indicated in discussions with Defendant's counsel, it is unclear that any such registrations would definitively correspond to the alleged works at issue in these proceedings.  Therefore, in the alternative to its motion to dismiss, Defendant moves that Plaintiffs be ordered to provide a more definite statement of their ownership of a valid US copyright registration for each alleged work at issue in these proceedings, including by providing the US copyright registration numbers and copies of US copyright registration certificates for each such alleged registration.  *Reinicke v. Creative Empire, LLC*, No. 12CV1405-GPC KSC, 2013 WL 275900, at *6 (S.D. Cal. Jan. 24, 2013) (granting defendant motion for a more definite statement because the complaint failed to allege when and whether the copyright at issue was registered).

Therefore, in the alternative to the motion to dismiss, Defendant's motion for a more definite statement under Fed. R. Civ. P.  Rule 12(e) should be granted.

**IV.   CONCLUSION**

For all the reasons set forth above, the Complaint in its entirety, and the Plaintiffs' claims for statutory damages and attorneys' fees, should be dismissed.  In the alternative, the Court should require Plaintiffs to provide a more definite statement, providing identifying information and copyright registration certificates for any copyright registrations in the alleged works at issue in this action.

Dated:  January 24, 2023	Respectfully submitted,

**UNITED CULTIVATION, LLC**

By Its Attorney,


/s/ Tony K. Lu
Tony K. Lu, Esq. (BBO #678791)
Dentons US LLP
One Beacon Street, Suite 25300
Boston, MA 02108
Telephone:  617-235-6817
Fax:  617-235-6899
tony.lu@dentons.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, I caused to be filed electronically a true copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify the parties of record via electronic notification.

A copy of the foregoing will also be sent via electronic mail to the recipient below:

Douglas Carp and Robert Carp
21 Eastern Point Road
Gloucester, MA 01930
Phone: 213-533-0053
rcarp@post.harvard.edu
bobcarp522@gmail.com
***PRO SE***

                                                /s/*Tony K. Lu*
                                                Tony K. Lu